NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FRANCISCO MARTINEZ MEDINA, *Petitioner*.

No. 1 CA-CR 13-0855 PRPC
FILED 5-5-2015

Appeal from the Superior Court in Maricopa County
No. CR2005-110155-001
The Honorable A. Craig Blakey II, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*


Francisco Martinez Medina, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1       Petitioner Francisco Martinez Medina petitions this Court for review from the dismissal of his notice of post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2       Medina pled guilty to sexual conduct with a minor, attempted sexual conduct with a minor and attempted molestation of a child in 2005. The trial court sentenced Medina to twenty years' imprisonment for sexual conduct with a minor and placed him on lifetime probation for the remaining counts. Medina did not file a timely petition for post-conviction relief of-right, but waited nearly eight years to file his first notice of post-conviction relief. The trial court summarily dismissed the notice and Medina now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3       We deny relief because the petition for review does not present any colorable claims for relief.  Medina simply argues the trial court must provide him a copy of his file so Medina can review the file and raise unidentified claims in a future petition for post-conviction relief.  This is not a cognizable claim under Rule 32.1. While Medina vaguely suggests that one or more of his sentences may be "illegal," he does not identify the sentence(s) at issue, does not explain why any sentence might be illegal nor why he did not present this claim in a timely petition for post-conviction relief of-right eight years ago.

¶4   We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama